Frederick **ERTHAL**, Appellant,

v.

**UNITED STATES of America.**

No. 17431.

United States Court of Appeals Third Circuit.

Submitted on Briefs March 4, 1969.

Decided April 29, 1969.

Rehearing Denied July 2, 1969.

Frederick Erthal, pro se.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa. (Victor Wright, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Two four-count indictments were returned against the appellant, Frederick Erthal, charging him with separate bank robberies in violation of 18 U.S.C.A. § 2113. He entered a plea of not guilty at his first arraignment on February 2, 1967, while represented by Melvin Dildine, Esq. of the Philadelphia Voluntary Defenders Association. He was rear-

raigned on April 3, 1967, and entered a plea of guilty to Counts 2 and 3 of each indictment. He was then represented by Austin Hogan, Esq., a member of the Philadelphia Voluntary Defenders Association. He was subsequently sentenced to 15 years imprisonment on each count, all sentences to run concurrently.

Erthal filed the instant action for vacation of sentence under 28 U.S.C.A. § 2255 on the ground that his guilty plea had not been voluntarily and intelligently entered. Judge Joseph S. Lord III who had received the guilty plea and sentenced Erthal denied the § 2255 application in a Memorandum and Order in which he found Erthal's contention to be without merit.

On review of the record we find no error in Judge Lord's disposition.

On this appeal Erthal for the first time alleges that his plea was induced by a broken promise of leniency. The arraigning judge specifically inquired prior to accepting the plea as to whether there had been any promises of leniency or other inducements or threats and received negative answers. Moreover, he informed Erthal that he would not be bound by any promise of leniency if one had been made.[1] Thus, the record completely refutes this contention.

For the reasons stated the Order of the District Court will be affirmed.

---

1. The transcript of the April 3 arraignment reveals the following colloquy:

"The Court: Do you understand that by pleading guilty to these indictments that you admit all the facts that are alleged in the counts to which you plead guilty?
"The Defendant: Yes, sir.
"The Court: And are you doing that because these facts are true?
"The Defendant: Yes, sir.
"The Court: Has anybody made any promises to you of leniency of any sort?
"The Defendant: No, sir.
"The Court: Do you realize, do you, that the Court wouldn't be bound by any suggestion of leniency anyway?

"The Defendant: Yes, sir.
"The Court: Has anybody made any threats or inducements?
"The Defendant: No, sir.
"The Court: Of any kind?
"The Defendant: No, sir.
"The Court: And being aware of the nature of the charges and being aware of the possible consequences you are intending to make this plea freely, voluntarily, and of your own free will and with full knowledge?
"The Defendant: Yes, sir."